UNITED STATES TAX COURT
Washington, D.C. 20217

CHERYL J. LATOS, )
) 
Petitioner, )
) Docket No. 5829-06L
v. )
)
COMMISSIONER OF INTERNAL REVENUE, )
)
Respondent. )

**ORDER**

On October 19, 2006, respondent filed a motion to dismiss for lack of jurisdiction and to strike as to 1994 (respondent's motion). On October 31, 2006, petitioner Cheryl J. Latos (Ms. Latos or petitioner) filed a response to respondent's motion (petitioner's response).

In petitioner's response, petitioner alleges, inter alia:

> 1. The 1994 tax is being assessed to the petitioner as an income tax, a chapter 1 tax, and a "1040" liability.
>
> * * * * * * *
>
> 3. The Respondent acknowledges that the tax for 1994 is a FICA tax assessment

Petitioner appears to take inconsistent positions as to the nature of the Federal tax assessed for her taxable year 1994. Petitioner's seemingly inconsistent positions are probably due to the fact that the notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination), which was issued to petitioner on February 16, 2006, and upon which the instant case is based, erroneously referred to petitioner's tax for her taxable year 1994 as a "1040" or Federal income tax (income tax).

For the taxable year 1994 of Ms. Latos and James E. Anderson (Mr. Anderson), who is not a petitioner in the instant case, a copy of a transcript (so-called IMFOLT) of their account for that taxable year showed an assessed balance of $6,206.66 consisting of $4,806 of assessed Federal tax and $1,400.66 of assessed

Ex. A

interest as of February 18, 1998. In Anderson v. Commissioner, T.C. Memo. 2000-311, a so-called lien or levy case commenced under the provisions of section 6330(d), I.R.C., by both Ms. Latos and Mr. Anderson, the Court indicated that an assessment of Federal Insurance Contributions Act (FICA) tax in the amount of $4,806 was made on February 18, 1998. In Anderson v. Commissioner, supra, the Court held that it did not have jurisdiction under section 6330(d)(1), I.R.C., over the FICA tax of $4,806 that was assessed for the taxable year 1994 of Ms. Latos and Mr. Anderson and that was the subject of a notice of determination issued to Ms. Latos and Mr. Anderson on October 29, 1999.

In the instant case, the notice of determination pertaining to, inter alia, taxable year 1994 was issued to Ms. Latos on February 16, 2006. Nonetheless, that notice of determination pertains to, inter alia, the same FICA tax of $4,806 assessed on February 18, 1998, that the Court considered in Anderson v. Commissioner, supra. The Court concludes here, as it did in Anderson v. Commissioner, supra, that it does not have jurisdiction under section 6330(d)(1), I.R.C., over Ms. Latos' taxable year 1994. That is because the $4,806 of tax assessed for that year is FICA tax. See Chatterji v. Commissioner, 54 T.C. 1402, 1405 (1970).

After due consideration and for cause, it is

ORDERED that respondent's motion is granted and this case to the extent it relates to taxable year 1994 is dismissed for lack of jurisdiction. It is further

ORDERED that all references in the petition to petitioner's taxable year 1994 are deemed stricken.

(Signed) Carolyn P. Chiechi
Carolyn P. Chiechi
Judge

Dated: Washington, D.C.
November 3, 2006