Internal Revenue Service
Appeals Office
CT-RI Appeals Office
333 East River Dr., Suite 200
East Hartford, CT 06108

Department of the Treasury

**Person to Contact:**
Charlette Jacobi
Employee ID Number: 06-03193
Tel: 860-290-4011
Fax: (860) 290-4033
**Refer Reply to:**
AP:FE:CT-RI:CAJ
**SSN/EIN Number:**
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
**Tax Type/Form Number:**
1040
**In Re:**
Collection Due Process Hearing
(Tax Court)
**Tax Period(s) Ended:**
12/1994 12/1995 12/1996 12/1997
12/2001 12/2002

Date: February 16, 2006

CHERYL J. LATOS
215 PINE HILL RD.
WOOD RIVER JCT RI 02894

**Certified Mail:** 7005 0390 0002 2939 1907

**NOTICE OF DETERMINATION**
**CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330**

Dear Ms. Latos:

We have reviewed the taken or proposed collection action for the period(s) shown above. This letter is your Notice of Determination, as required by law. A summary of our determination is stated below. The attached statement shows, in detail, the matters we considered at your Appeals hearing and our conclusions about them.

If you want to dispute this determination in court, you must file a petition with the United States Tax Court for a redetermination within 30 days from the date of this letter.

To get a petition form and the rules for filing a petition, write to: Clerk, United States Tax Court, 400 Second Street, NW, Washington, D.C. 20217, or access the Tax Court website at www.ustaxcourt.gov.

The Tax Court has a simplified procedure for an appeal under section 6330(d)(1)(A) of a determination in which the unpaid tax does not exceed $50,000. You also can get information about this procedure by writing to the Tax Court, or accessing the Tax Court website at www.ustaxcourt.gov.

The time limit for filing your petition is fixed by law. The courts cannot consider your case if you file late. If the court determines that you filed your petition with the wrong court, you will have 30 days after such determination to file with the correct court.

If you do not petition the court within the time frame provided by law, your case will be returned to the originating IRS office for action consistent with the determination summarized below and described on the attached page(s).

Ex B

If you have any questions, please contact the person whose name and telephone number are shown above.

**Summary of Determination**
The Federal Tax Lien is sustained.

Sincerely,

Matthew McLaughlin, Atty

Francis Fiore
Appeals Team Manager

## Attachment to Letter 3193

| Tax Form / Type | Tax Period | Date of Notice of Federal Tax Lien |
|---|---|---|
| 1040 | 12-31-1994 | 11-07-2003 |
| 1040 | 12-31-1995 | 11-07-2003 |
| 1040 | 12-31-1996 | 11-07-2003 |
| 1040 | 12-31-1997 | 11-07-2003 |
| 1040 | 12-31-2001 | 11-07-2003 |
| 1040 | 12-31-2002 | 11-07-2003 |

The IRS received from you Form 12153, postmarked 11-22-2003. This is a request for a Collection Due Process Hearing. You filed this form in response to the Collection Department's recordation of Notices of Federal Tax Lien against you relative to the above listed liabilities. The statutes for collection of these liabilities were suspended during the hearing process because your request for a hearing was mailed prior to the deadline for timely filing as provided for in IRC section 6330. Another Collection Due Process case was worked in conjunction with this case for the 2001 Final Notice Intent to Levy actions but under a separate cover.

The Settlement Officer in this case had no prior involvement with the liabilities in question.

## Verification that Law and Procedure were Followed

Information in the administrative case file and related computer records shows that the IRS followed law and procedure in this case. The 1994, 1995, 1996, and 1997assessments are based on additional assessment made by the Examination Division. The 2001 and 2002 years have been abated due to corrections needed. The assessments in question were properly made under IRC section 6201, and notice and demand was sent to you as per IRC section 6303. You did not pay the liabilities. The IRS gave you additional opportunities to pay the balances due voluntarily, but you failed to do so. The Collection Department recorded the liens to protect the government's interest.

## Relevant Issues Raised by the Taxpayer

On the Form 12153 you state "Not Self Employed IRC Sec. 3403 and 3102(b)." The Federal Tax Lien will not be released until the full balances of all the tax years involved

are paid in full. At your hearing it was discussed that the equity in 215 Pine Hill Road should be liquidated by either refinancing or selling the property.

**Balancing Efficient Collection with the Instructiveness of Proposed Collection Actions**

Although the tax liens are inherently intrusive, you have proposed no other method of securing the government's interest. Therefore, the liens should remain on file until the balances due in question are fully paid.