UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHERYL J. LATOS, Plaintiff | ) | |
| v. | ) | Civil No. 1:06-514-T-DLM |
| UNITED STATES OF AMERICA, Defendant | ) | |

**MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION FOR JUDGMENT AFFIRMING THE DETERMINATION OF THE INTERNAL REVENUE SERVICE**

## Introduction

Plaintiff Cheryl Latos ("Latos") has an unpaid tax liability for Federal Insurance Contributions Act (FICA) taxes for the 1994 tax year. To secure its assessment against Latos for that liability, the Internal Revenue Service ("IRS") filed a Notice of Federal Tax Lien against her. As required by statute, the IRS gave Latos an opportunity to contest that action and suggest possible collection alternatives in an administrative Collection Due Process ("CDP") hearing. At that hearing, Latos raised only one substantive issue, arguing that the IRS could only collect FICA taxes from an employer, not an employee, so the IRS could not pursue collection action against her for her FICA liability. The settlement officer at the CDP hearing rejected that contention and sustained the filing of the Notice of Federal Tax Lien. Latos thereafter sought judicial review from this Court of that determination.

Latos is no stranger to the CDP process, or to this Court. In 2000, Latos filed a complaint in the District of Rhode Island for judicial review of a CDP determination for the very

same tax liability at issue in this action (her 1994 FICA liability), in connection with a previous IRS collection effort. Her complaint rested on precisely the same argument that she makes in the present action. In the 2000 action, this Court considered, and rejected, that argument. That judgment was affirmed on appeal and is final. Accordingly, Latos' only substantive argument is barred by statute and by collateral estoppel. Further, the record reveals that the settlement officer did not abuse her discretion in sustaining the IRS collection action in this case. Accordingly, this Court should enter judgment for the United States and dismiss Latos' petition.

**Statutory Framework for Collection Due Process Proceedings**

Section 6320 (Notice and Opportunity for Hearing Upon Filing of Notice of Lien) was added to the Internal Revenue Code (26 U.S.C., hereafter "I.R.C.") by the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, 112 Stat. 685 ("IRS Restructuring Act"). That section created new procedures to be followed by the IRS upon the filing of a Notice of Federal Tax Lien. Prior to the enactment of the IRS Restructuring Act, the IRS could file a Notice of Federal Tax Lien without providing any notice of the filing to the taxpayer. Section § 6320 provides that upon the filing of a Notice of Federal Tax Lien, the IRS must notify the taxpayer in writing of a right to a Collection Due Process hearing ("CDP hearing") before an IRS Appeals Officer. The hearing afforded to the taxpayer under § 6320 is intended to follow, to the extent practicable, the same format as a hearing requested under § 6330, a comparable statute allowing for the request of a hearing when the IRS intends to levy on property.[1]

[1] The sequence of the CDP hearings differs in that the § 6320 hearing is held after the notice of lien has been filed, whereas the § 6330 hearing is held prior to the making of a levy.

During a CDP hearing, a taxpayer may raise any relevant issue relating to the unpaid tax, including the IRS's proposed collection action and collection alternatives. 26 C.F.R. § 301.6320-1(e)(1). The statute specifically says that the following issues can be considered: 1) appropriate spousal defenses; 2) challenges to the appropriateness of collection actions; and 3) offers of collection alternatives. I.R.C. § 6330(c)(2)(A), made applicable to this proceeding by I.R.C. § 6320(c). Collection alternatives can include posting a bond, substituting other assets to secure the debt, or entering into an installment payment agreement. 26 C.F.R. § 301.6320-1(e)(3)Q&A-E6. The regulation states that "[t]axpayers will be expected to provide all relevant information requested by Appeals, including financial statements, for its consideration of the facts and issues involved in the hearing." 26 C.F.R. § 301.6320-1(e)(1).[2]

Following a CDP hearing, the IRS Appeals Officer will send a Notice of Determination to the taxpayer. Such determination summarizes the matters raised during the CDP hearing, and responds to any offers made by the taxpayer or states any agreements reached during the hearing. 26 C.F.R. § 301.6320-1(e)(3)Q&A-E8. Within 30 days of the Notice of Determination being issued, the taxpayer may appeal the determination to an appropriate court, which is the United States District Court in this case. Section 6330(d)(1), made applicable to this proceeding by I.R.C. § 6320(c). The reviewing court can only address matters raised by the taxpayer at the CDP hearing. 26 C.F.R. § 301.6320-1(f)(2)Q&A-F5.

---

[2] A taxpayer may also contest the underlying liability at a CDP hearing, but only if the taxpayer has had no prior opportunity to do so (for instance, by a Notice of Deficiency triggering Tax Court jurisdiction, or a prior CDP hearing on the same liability). I.R.C. §6330(c)(2)(B). Because this action concerns Latos' *second* CDP hearing regarding the 1994 FICA tax liability, she could not contest the underlying liability at that hearing, and cannot do so here.

## Statement of Facts

### A. Latos' Prior CDP Proceeding Regarding Her 1994 Tax Liability

On February 18, 1998, the IRS made an assessment against Latos and her then-husband James Anderson for unpaid FICA taxes for the 1994 tax year, based on their failure to pay FICA taxes on income from Anderson's work as a commercial fisherman. *See Anderson v. Commissioner*, T.C. Mem. 2000-311, 2000 WL 1456948. On February 3, 1999, the IRS issued a Notice of Intent to Levy against Anderson and Latos to collect that 1994 liability and other liabilities. As required by Section 6330 of the Internal Revenue Code, the IRS afforded Anderson and Latos the opportunity for a CDP hearing regarding that levy. After the appeals officer in that proceeding sustained the Notice of Levy, Latos and Anderson sought judicial review of that decision, first in a petition to the Tax Court, *see Anderson*, T.C. Mem. 2000-311, and then as a Complaint in this Court. *Anderson v. United States*, Case No. 1:00-cv-548-ML (D.R.I., filed Oct. 31, 2000) (hereafter *Latos I*).[3] In that Complaint, Latos and Anderson alleged, among other things, that the IRS could only collect for FICA taxes against Anderson's employer, who had failed to withhold that tax from Anderson's paychecks. *Latos I* Complaint, attached as Exhibit 1, at ¶¶12-15.

After briefing and argument before Judge (now Chief Judge) Mary Lisi, this Court affirmed the IRS determination on all grounds. *Latos I* Order of July 30, 2001, attached as

---

[3] Originally, Latos and Anderson filed a petition with the Tax Court, along with a petition regarding self-employment taxes for other tax years. For all Notices of Determination made before October 17, 2006, jurisdiction for judicial review of CDP determinations for FICA taxes lodged with the District Court, not the Tax Court. I.R.C. 6330(d)(1)(b), amended by the Pension Protection Act of 2006, Pub.L. 109-280, §855(a) effective Oct. 17, 2006. Accordingly, the Tax Court dismissed Latos' petition as to the 1994 tax year, while keeping jurisdiction over other the other tax years. The part of the action retained by the Tax Court was resolved in favor of the IRS. *Anderson v. Commissioner*, T.C. Mem. 2003-112, 2003 WL 1905640.

Exhibit 2. In her ruling from the bench, Judge Lisi specifically addressed the issue of collecting FICA taxes from employees as opposed to employers:

> The position of [Latos] that the Service can only levy against or attempt to collect this FICA tax for the year 1994 against the employer I think is not well-founded given the regulations cited to by [counsel for the United States], that is 31.3102-1(c) which does indicate that until collected the employee remains liable for the FICA tax, and this is so notwithstanding all of those other provisions cited to by Ms. Latos that seem to indicate that the service can proceed against an employer who has not withheld the FICA tax. . . . It seems to me that the Service did precisely what it was supposed to do, and that [Latos has] been afforded all of the legal protections that the statute and regulations permit.

Transcript of *Latos I* hearing dated July 30, 2001, attached as Exhibit 3, at 17-18. Latos appealed this decision to the First Circuit, which affirmed the District Court's ruling, and then sought certiorari from the Supreme Court, which was denied. *Anderson v. United States*, 29 Fed. Appx. 619, 2002 WL 431889 (1st Cir.), *cert. den.* 537 U.S. 1020 (2002).

**B. Latos' Current CDP Proceeding Regarding Her 1994 Tax Liability**

On November 12, 2003, the IRS issued a Notice of Federal Tax Lien Filing to Anderson and Latos, in connection with a Notice of Federal Tax Lien filed against property owned by them. informing them of their right under Sections 6320 and 6330 of the Internal Revenue Code for a CDP hearing as to that collection action. Complaint ¶2 & Exhibit C.

A CDP hearing was conducted on January 24, 2006, before Settlement Officer Charlette Jacobi, in which Latos participated. *See* Notice of Determination dated Feb. 16, 2006, attached as Exhibit 4. On February 16, 2006, Settlement Officer Jacobi issued a Notice of Determination indicating that she was sustaining the IRS notice of federal tax lien. *Id.* Accompanying the Notice of Determination is a memorandum from Settlement Officer Jacobi indicating that she

had verified "the IRS followed law and procedure in this case." *Id.* This memorandum further summarized the discussion at the CDP hearing, including whether Latos could use equity in real estate she owned to pay the liability and avoid filing of a Notice of Federal Tax Lien. *Id.* Finally, Settlement Officer Jacobi noted that Latos proposed no alternative method of securing the IRS's interest other than the filing of a Notice of Federal Tax Lien.[4] *Id.*

Latos thereafter sought judicial review, once again first with the Tax Court, *see* Complaint Ex. A,[5] then with this Court. Latos' Complaint does not contest Latos' underlying tax liability, nor could it as Latos has had a previous opportunity to do so. I.R.C. §6330(c)(2)(B). Apart from boilerplate allegations that the Settlement Officer abused her discretion, the Latos' sole substantive contention repeats–almost word for word–the allegation she made in *Latos I* that the IRS could only collect for FICA taxes against Anderson's employer, who had failed to withhold that tax from Anderson's paychecks. Complaint ¶5; *compare* Exhibit 1 (*Latos I* Complaint) ¶¶12-15.

## **Argument**

### **I. Standard of Review**

"In a CDP case in which, as here, the amount of the underlying tax liability is not at issue, the trial court and the court of appeals review the determination of the IRS appeals officer

---

[4] The Notice does misidentify the 1994 tax liability as a "1040" income tax, rather than FICA, liability. Exhibit 4. That ministerial error had no effect on Settlement Officer Jacobi's conduct of the CDP hearing or her determination sustaining the filing of a Notice of Federal Tax Lien.

[5] A Tax Court proceeding regarding other tax liabilities considered at the same CDP hearing, over which the Tax Court has jurisdiction, remains pending. *Latos v. Commissioner*, Tax Court Docket No. 5829-06L.

for abuse of discretion." *Olsen v. United States*, 414 F.3d 144, 152 (1st Cir. 2005) (citations omitted). The First Circuit has defined "abuse of discretion" in the CDP context to require that the taxpayer show "clear taxpayer abuse and unfairness by the IRS" in conducting the hearing, and is therefore more deferential to the IRS than the standard used for reviewing formal agency decisions. *Id.* In reviewing a CDP determination, this Court is not to substitute its judgment for that of the Settlement Officer, but rather to determine whether there is adequate basis in law or fact for that officer to uphold the IRS collection action. MRCA Information Systems v. United States, 145 F. Supp. 2d 194, 199 (D. Conn. 2000).

## II. Latos' Sole Substantive Contention, That Her 1994 Tax Liability Should Have Been Collected From The Employer and Not Her, Was Rejected By This Court In Prior Litigation And Is Therefore Barred By Statute And By The Doctrine Of Collateral Estoppel

As noted above, Latos makes only one substantive contention in her Complaint, that the IRS must collect unpaid FICA tax liabilities from the employer, not the employee. This is a retread of an argument Latos made in virtually identical language in *Latos I*.

Section 6330(d)(4) specifically precludes a taxpayer from relitigating issues "raised and considered" in a previous administrative or judicial proceeding in which she meaningfully participated. There can be no dispute that Latos raised the issue of collecting FICA taxes from employers in *Latos I*. Nor is there any dispute that Latos participated meaningfully in that proceeding, as she personally pressed that argument in the hearing before Judge Lisi. Accordingly, Latos was prohibited by statute from raising that issue at the CDP hearing in this case, and cannot contend that the Settlement Officer abused her discretion for rejecting that argument.

Further, Latos' contention is precluded by the doctrine of collateral estoppel. Under that doctrine, the parties to an action are bound by the determination of an issue that was decided in a previous action between those same parties. Collateral estoppel applies when it is established "(1) that the issue to be precluded is the same as that disputed in a prior proceeding, (2) that the issue was actually litigated in the earlier proceeding, (3) that the issue was determined by a valid and binding final judgment or order, and (4) that the determination of the issue in the prior proceeding was essential to the final judgment or order." *Plumley v. Southern Container, Inc.*, 303 F.3d 364, 373 (1st Cir. 2003) (citation omitted).

Each of the elements for collateral estoppel is satisfied in this case. There is no question that the issue Latos presents in this petition with respect to collecting FICA taxes from employees is identical to that presented in *Latos I*. Indeed, the allegations in the petition in this action parrot the ones in the 2001 petition almost word for word. The parties argued this particular issue extensively before Judge Lisi, and the Court's decision from the bench made clear that the issue was central to its award of judgment for the United States. That judgment, having been affirmed on appeal, with certiorari denied by the Supreme Court, is indisputably final. *Anderson v. United States*, 29 Fed. Appx. 619, 2002 WL 431889 (1st Cir.), *cert. den.* 537 U.S. 1020 (2002).

Thus, Latos is precluded from arguing that the IRS cannot collect its FICA assessments against her.[6] Because that argument is the only substantive contention that Latos makes in

---

[6] Nor could Latos prevail even if the merits were before this Court. As both this Court and the First Circuit held, the IRS is specifically authorized by regulation to collect FICA taxes against a taxpayer directly and is not limited to collection against the taxpayer's employer. 26 C.F.R. §31.3102-1(c) ("Until collected from [the employer] the employee also is liable for the employee tax with respect to all the wages received by him.")

challenging the CDP determination here, the United States is entitled to judgment on that ground alone.

## III. Settlement Officer Jacobi's Determination Satisfied The Requirements Of Section 6330 And Did Not Constitute An Abuse of Discretion

Latos otherwise makes no specific contention that the Settlement Officer abused her discretion in conducting the hearing. A review of the Notice of Determination confirms that the Settlement Officer conducted the CDP hearing and made her determination appropriately, thus providing no ground for reversing that determination for abuse of discretion.

Section 6330(c) establishes the requirements for a CDP determination. Specifically, that determination must take into consideration (1) the verification that requirements of any applicable law or administrative procedure have been met, (2) the issues raised by the taxpayer and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary.

Settlement Officer Jacobi's determination concerning collection took into consideration all of the elements required by Section 6330(c). Exhibit 4. She investigated the administrative file and computer records to verify that "the IRS followed law and procedure in this case," even noting that Latos' liability for certain other tax years discussed at that hearing had been abated. *Id.* She discussed relevant issues raised by the taxpayer, including the potential use of the equity in Latos' property to satisfy the tax liability. *Id.* Finally, she noted that Latos proposed no alternative way to secure the tax liability. *Id.* Settlement Officer Jacobi fulfilled all the requirements of Section 6330, and clearly did not engage in anything remotely approaching the

"clear taxpayer abuse and unfairness" that would constitute an abuse of discretion.

## Conclusion

Based on the foregoing, the United States requests that judgment be entered in its favor in this action affirming the determination of Settlement Officer Jacobi, and that Latos' Complaint be dismissed with prejudice.

Respectfully submitted,

ROBERT M. CORRENTE
United States Attorney

/s/ Robert J. Kovacev

ROBERT J. KOVACEV
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6541
Robert.J.Kovacev@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2007, a copy of the foregoing Memorandum in Support of United States' Motion for Judgment Affirming the Determination of the Internal Revenue Service was filed electronically and served by mail on the following:

Cheryl J. Latos
215 Pine Hill Road
Wood River, RI 02894

/s/ Robert J. Kovacev
ROBERT J. KOVACEV
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6541
Robert.J.Kovacev@usdoj.gov