# EXHIBIT 1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAMES E. ANDERSON and<br>CHERYL J. LATOS,<br>Plaintiffs | CA 00 548ML |
| v. | No. ________________ |
| UNITED STATES OF AMERICA,<br>Defendant | Civil Action |

COMPLAINT

Pursuant to the order of the United States Tax Court dated October 5, 2000 (Exhibit A) dismissing plaintiffs' petition for lack of jurisdiction, plaintiffs seek judicial review of the Internal Revenue Service's Notice of Determination concerning collection actions under section 6320 and/or 6330 dated October 29, 1999 (Exhibit B), for the following reasons:

1. In 1992, an IRS Appeals hearing officer determined that James E. Anderson, a commercial fisherman, was an employee for employment tax purposes.

2. Plaintiffs were assessed self-employment taxes for 1994.

3. While the petitioners' request for a meeting with the examiner was pending, a statutory notice of deficiency fotr tax year 1994 was issued on May 22, 1996.

4. The statutory notice of deficiency was rescinded on August 20, 1996.

5. In 1997, an Appeals officer determined James E. Anderson to be an employee for employment tax purposes for tax year 1994.

6.. Appeals officer Linda Rolf told petitioner Latos at the hearing that the vessel

owner/employer would not be held liable for failure to collect or for his portion of FICA tax in violation of IRC §§ 3102 and 3403.

7. Form 870-AD is issued by Appeals in income tax cases. Form 2504 is issued by Appeals in employment tax cases. (IRM 8.8.1.1.2; [8.1.1] 4.7.11.2; and [104.6] 9.12). FICA taxes are reported on Form 941. Income and self-employment taxes are reported on Form 1040 (26 CFR 31.6011(a)-1 and (a)-4).

8. On Appeals officer issued petitioners Form 870-AD for the assessment of income tax and informed petitioners that a statutory notice of deficiency would be issued if petitioners did not sign and return Form 870- AD (Exhibit C).

9. No second notice of deficiency was issued for tax year 1994

10. The Final Notice of intent to levy, dated identified a tax due on Form 1040 for tax year 1994.

11. The Collection Due Process hearing was held on April 30, 1999.

12. The appeals officer failed to obtain verification that the requirements of any applicable law or administrative procedure have been met (IRC 6330(c)(1)).

13. The Appeals officer failed to address the relevant issues presented at the hearing concerning the appropriateness of the proposed collection actions (Tres.Reg. 31.6205-1(b)(3)).

14. The Appeals officer failed to consider the collection alternatives authorized by Congress (IRC §§ 3102 and 3403, Treas. Reg. 31.6205-1(b)(3): *Otte v. United States*, 419 U.S. 43 (1974);*Slodov v. United States*, 436 U.S. 238 (1978); *Knott v. United States*, 50 AFTR 2d 82-5810 (1982)).

15. The Appeals officer failed to take into consideration whether the proposed collection action balances the need for the efficient collection of taxes (IRC §§ 3102 and 3402).

16. The appeals officer incorrectly concludes that participation in a field examination precludes the underlying liabilities from being raised at a collection due process hearing under IRC section 6330(c)(4). The original appeals hearing considered the assessment of self-employment taxes and the proposed settlement assessed a deficiency in income taxes. (Treas. Reg. 601.106 (d)-(1)).

!7. The US Tax Court determined that the plaintiffs had been assessed FICA taxes.

18. The collection action proposed is arbitrary, capricious, and contrary to law.

WHEREFORE, plaintiffs pray that:

The Internal Revenue Service be enjoined from proceeding with enforced collection action against the plaintiffs and be ordered to comply with the laws and regulations established by Congress for the collection of employment taxes.

James E. Anderson

Cheryl J. Latos

215 Pine Hill Rd.

Wood River Jct. RI 02894

(401) 364-9624

Dated : October 31, 2000