# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| * * * * * * * * * * * * * * | CIVIL ACTION |
| JAMES E. ANDERSON AND | NO. 00-548ML |
| CHERYL J. LATOS | |
| Plaintiff | |
| | MONDAY, |
| VS. | JULY 30, 2001 |
| | |
| UNITED STATES OF AMERICA | |
| Defendant | |
| * * * * * * * * * * * * * * | Providence, RI |

HEARD BEFORE THE HONORABLE MARY M. LISI
DISTRICT JUDGE
(MOTION)

**A-P-P-E-A-R-A-N-C-E:**

For the Plaintiff: Cheryl J. Latos, pro se
215 Pine Hill Road
Wood River Junction, RI 02894

For the Defendant: Lara E. Ewens, Esquire
Department of Justice
P.O. Box 55
Ben Franklin Station
Washington, DC 20044

Lisa Dinerman, Esquire
United States Attorney's Office
Fleet Center
50 Kennedy Plaza - Eighth Floor
Providence, RI 02903

Court Reporter: Judith L. Montie
267 John O. Pastore Bldg.
2 Exchange Terrace
Providence, RI 02903

MONDAY, JULY 30, 2001
MOTION

that says that the IRS has the right to come to the employee.

THE COURT: You have got 3102(c) that says he is liable.

MS. LATOS: And I understand that if the employer may take that money at any time within the calendar year, and there is nothing the employee can do about it, but I don't see where this gives the IRS the right to come in and take it from the employee while doing nothing to the employer as far as the enforcement of the tax law.

THE COURT: Well, I guess that's where you and I disagree, and that's why you are here.

MS. LATOS: Yes.

THE COURT: Okay. Now, again, Mr. Anderson has signed the complaint in this case, and he has signed the opposition to the Defendant's motion for judgment affirming the determination, and so he has put before the Court himself his position. I take the argument from Ms. Latos today only pertaining to Ms. Latos. Mr. Anderson has elected not to appear himself, and so I am not taking what Ms. Latos said as in

MONDAY, JULY 30, 2001
MOTION

any way representing Mr. Anderson's interest before this Court, only what he has signed on to here. He has also, I think, signed the original complaint in this case.

And what Plaintiffs here are seeking is an injunction from proceeding with the collection action proposed by the Service and on the basis of the record before me, as I said earlier, it appears that what has occurred in this case is that the taxpayer was initially determined to be self-employed, and assessed a considerable sum of money for self-employment taxes. The taxpayer contested that determination by the IRS and at a hearing before a hearing officer, the Service conceded that Mr. Anderson was an employee as opposed to self-employed thereby removing the previously assessed liability for self-employment taxes; however because of the change in Mr. Anderson's employment designation to an employee, the FICA tax was triggered.

Now, the position of the Plaintiffs, as I understand it from their papers and the position of Ms. Latos, as I understand her argument here today, is that they do not

contest the liability for FICA, but what they contest is the Service's levy against them as opposed to levying against the employer. In her argument today and in the papers submitted to the Court, Ms. Latos has pointed the Court to several provisions of the regulations that seem to indicate that the service must proceed against the employer who is charged with the responsibility for withholding those FICA taxes; however, given the situation in this case where at the time Mr. Anderson was working on the vessel it was unclear as to precisely what his legal status and his employee status was determined to be such only after the Plaintiffs in this case objected to that designation and sought review that he was then determined to be an employee. At which point, as I say, the FICA tax was triggered.

The position of the Plaintiffs that the Service can only levy against or attempt to collect this FICA tax for the year 1994 against the employer I think is not well-founded given the regulations cited to by Ms. Ewens, that is 31.3102-1(c) which does indicate that until collected the employee

MONDAY, JULY 30, 2001
MOTION

remains liable for the FICA tax, and this is so notwithstanding all of those other provisions cited to by Ms. Latos that seem to indicate that the service can proceed against an employer who has not withheld the FICA tax.

This Court's review in this case is limited to a review of whether or not the levy in this case or rather the order for levy in this case was made on an abuse of discretion. On the basis of the factual record here, that is that the Plaintiffs do not contest Mr. Anderson's status as an employee, they do not apparently contest his legal liability for FICA tax, what they do contest is the method of collection, I cannot say on the basis of that factual record or the legal or procedural record in this case that the order was made with an abuse of discretion. It seems to me that the Service did precisely what it was supposed to do, and that the Plaintiffs have been afforded all of the legal protections that the statute and regulations permit, and so I am going to grant the Defendant's motion for judgment affirming the determination of the IRS with respect to both James E. Anderson and Cheryl J. Latos.

MONDAY, JULY 30, 2001
MOTION

Ms. Ewens, you can run over with Ms. Dinerman and write up an order for my signature today.

Ms. Latos, what that means is that you lost, that you and Mr. Anderson are going to have to pay those FICA taxes for 1994. My suggestion is and I think that the Service has been willing to work with you in the past is to work out a payment schedule so that you can pay those taxes in a convenient manner for you and your husband.

I don't whether you have a right of appeal. I guess you probably do, and that's up to you and your husband as to whether you wish to take an appeal, but I commend you for the work you did. It is an interesting issue. It is a rather unique set of circumstances, although, I would surmise that they may be some other folks out there who find themselves in the same sort of gray area, but you have my decision today, and it will be up to you to decide which way you want to go from here.

Stand adjourned.

(ADJOURNED)