UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHERYL J. LATOS,
Plaintiff

v.

UNITED STATES OF AMERICA,
Defendant

CA 06-514T

MEMORANDUM IN SUPPORT OF PLAINTIFF'S OBJECTION TO MOTION FOR JUDGEMENT AFFIRMING THE DETERMINATION OF THE INTERNAL REVENUE SERVICE

The Internal Revenue service filed a Notice of Federal Tax Lien for the payment of FICA taxes by the plaintiff for 1994. This Court affirmed that action in 2000 in it's finding that the settlement officer in a previous Collection Due Process hearing did not abuse her discretion in upholding the filing of the lien. Anderson v. United States, Case No.1:00-cv-548-ML (D.R.I, Oct. 31, 2000) referred by the defendant as Latos I. However, the defendant's contention that the previous judgment is final and that the plaintiff's argument is barred by statute and by collateral estoppel is erroneous.

ARGUMENT

1. The Doctrine of Colleteral Estoppel does not apply

Collateral estoppel "is not meant to create vested rights in decisions that have become obsolete or erroneous with time, thereby causing inequities among taxpayers." Commissioner v. Sunnen, 333 U.S. 591, 599 (1948).

On page 5 of the defendant's Memorandum, the defendant quotes the reasoning behind Court's 2001 decision. The Court ruled that one isolated phrase from Treas. Reg. § 31.3102(c)

gave the Service the necessary authority to proceed with collection activity against the plaintiff "notwithstanding all of those other provisions cited to by Ms. Latos that *seem* to indicate that the service can proceed against an employer who has not withheld the FICA tax." (Italics added).

That decision to afford deference to the Services' interpretation of its regulations was affirmed in an unpublished opinion, Anderson v. United States, 29 Fed. Appx. 619, 2002 WL 431889 (1st Cir.).

Read in it's entirety, Treas. Reg. § 31.3102(c), the implementing regulation for IRC § 3102, (the tax imposed by section 3101(FICA) shall be collected by the employer of the taxpayer, by deducting the amount of the tax from the wages as and when paid . . . Every employer required so to deduct the tax shall be liable for the payment of such tax) authorizes the Service to proceed only against the employer who has not withheld the FICA tax.

> Sec. 31.3102-1 Collection of, and liability for, employee tax; in general.
> (a) The employer shall collect from each of his employees the employee tax with respect to wages for employment performed for the employer by the employee. The employer shall make the collection by deducting or causing to be deducted the amount of the employee tax from such wages as and when paid
> (c) In collecting employee tax, the employer shall disregard any fractional part of a cent of such tax unless it amounts to one-half cent or more, in which case it shall be increased to 1 cent. The employer is liable for the employee tax with respect to all wages paid by him to each of his employees whether or not it is collected from the employee. If, for example, the employer deducts less than the correct amount of tax, or if he fails to deduct any part of the tax, he is nevertheless liable for the correct amount of the tax. Until collected from him the employee also is liable for the employee tax with respect to all the wages received by him. Any employee tax collected by or on behalf of an employer is a special fund in trust for the United States. See section 7501. The employer is indemnified against the claims and demands of any person for the amount of any payment of such tax made by the employer to the district director.

That one phrase, " Until collected from him the employee also is liable for the employee tax with respect to all the wages received by him" allowing the Service to proceed with collection activity against the plaintiff. Ex 1, pp. 6, 8. The government also noted that "there hasn't been a lot of case law" on this issue of collection activity against an employee. Ex. 1, p. 7.

The court duly notes that "Latos has pointed the Court to several provisions of the regulations that seem to indicate that the service must proceed against the employer who is charged with the responsibility for withholding those FICA taxes." Ex. 1, p.17. The Court conceded that Treas. Reg. 31.6205-1(b)(3) ("undercollection is a matter for settlement between the employee and the employer) "is another way to approach it, but it doesn't mean that that's what the IRS has to do." The Court admonished the plaintiff to "read the whole thing" (Ex 1, p.13) yet itself ignored the rules of statutory construction in affording deference to the Service's interpretation of a regulation that was in direct conflict with the statute itself. See Chevron USA v. Natural Resources Defense Council, 467 U.S. 837 (1984); United Sav. Assn. Of Texas v. Timbers of Inwood Forest Associates, Ltd., 484 U.S. 365, 371 (1998). The Court in essence ruled that the IRS may arbitrarily and capriciously decide from whom to collect employment taxes without regard to the laws.

Although the US Supreme Court denied the plaintiff's petition for certiorari, it was compelled by the government's plea that "the imperatives of efficient and effective federal tax collection and of national uniformity in the application of the Internal Revenue Code warrant review" in a case concerning the issue of liability for federal employment taxes imposed on the employer under IRC §§ 3102(b), 3111(a), 3301 (a), 3403. United States v. Galletti, 541 U.S. 114 (2004). Ex. 2, pp. 2, 8,10. In its petition, the government echoed the Court's insistence on

"avoiding inequalities in the administration of the revenue laws," warning against "a disparate treatment of similarly situated taxpayers based solely upon the happenstance of geography," and stressing "the overriding importance, in a national system of taxation, of 'ensuring as far as possible that similarly situated taxpayers pay the same tax.' *Thor Power Tool Co.* v. *Commissioner*, 439 U.S.522, 544 (1979).." Ex. 2, pp.17-18.

As noted in Thor v. Commissioner, a firm's unilateral decisions about what tax it wished to pay "would not just make the Code inequitable; they would make it unenforceable. (439 U.S. 522, 545). Galletti erased any ambiguity over the collection procedure for employment taxes noted by the Court in Latos I when it ruled for the government that when an employer fails to withhold and submit the requisite amount of employment taxes, "the liable taxpayer is the employer."

II. The settlement officer did abuse her discretion

As previously discussed, the laws and regulations were not followed for the collection of employment taxes. IRC 6330(c)(1)

The Hearing Officer failed to take into consideration the necessity, as pointed out in Galletti, for the efficient collection of the taxes, 6330(c)(3)(C). The Hearing officer reverted to the Services pre-Galletti contention that the Service could arbitrarily and capriciously decide from whom to collect taxes without regard to the law, wreaking havoc on the routine enforcement of the tax laws. Ex. 3, p.p.27-28.

Not only did the hearing officer fail to verify that all requirements of all the statutes and procedures for the collection of employment taxes were met, she failed to verify the type of tax the Service was attempting to collect. As noted in footnote #4 of the defendant's memorandum,

the hearing officer continued after the hearing to "misidentify the 1994 tax liability as a '1040' income tax, rather than FICA, liability." FICA taxes are reported on Form 941, Employer's Quarterly Federal Tax Return. The plaintiff is not the employer. Galletti established that it is the tax that is assessed, not the taxpayer, the relevant taxpayer must be determined, and the only relevant taxpayer for employment, FICA tax, is the employer. Ex. 3, pp. 2,3, 7,8, 16.

Here, in contrast, the taxpayer was assessed, not the tax. The decision of the hearing officer to assess the taxpayer for employment taxes was arbitrary, capricious, and contrary to law.

Section 6330(b)(4) precludes the raising of issues previously considered. However, in this particular case, the controlling legal authority has changed. To bind the plaintiff to the government's pre-Galletti determination will result in according to the plaintiff "a tax treatment different from that given to other taxpayers of the same class, " resulting in "inequalities in the administration of the revenue laws, discriminatory distinctions in tax liability," and clear taxpayer abuse and unfairness. See Commissioner v. Sunnen, 333 U.S. 591, 599 (1948).

CONCLUSION

Given that the Galletti decision makes clear that there is no adequate basis in law for the hearing officer's decision to uphold the Service's collection action against the plaintiff, the plaintiff requests the the defendent be enjoined from proceeding with collection action against her.

Respectfully submitted,

Cheryl J. Latos, *pro se*
215 Pine Hill Rd.
Wood River Jct., RI 02894
(401)364-9624

May 13, 2007

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing OBJECTION was served on respondent by mailing the same on May 14, 2007 in a postage -paid wrapper addressed to

Robert J. Kovacev
Trail Attorney, Tax Division
US Deptartment of Justice
PO Box 55
Ben Franklin Station
Washington, DC 20044

Date: May 14, 2007

Cheryl J. Latos