# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| * * * * * * * * * * * * * * | CIVIL ACTION |
| JAMES E. ANDERSON AND CHERYL J. LATOS, Plaintiff | NO. 00-548ML |
| VS. | MONDAY, JULY 30, 2001 |
| UNITED STATES OF AMERICA, Defendant | |
| * * * * * * * * * * * * * * | Providence, RI |

HEARD BEFORE THE HONORABLE MARY M. LISI
DISTRICT JUDGE
(MOTION)

**A-P-P-E-A-R-A-N-C-E:**

For the Plaintiff: Cheryl J. Latos, pro se
215 Pine Hill Road
Wood River Junction, RI 02894

For the Defendant: Lara E. Ewens, Esquire
Department of Justice
P.O. Box 55
Ben Franklin Station
Washington, DC 20044

Lisa Dinerman, Esquire
United States Attorney's Office
Fleet Center
50 Kennedy Plaza - Eighth Floor
Providence, RI 02903

Court Reporter: Judith L. Montie
267 John O. Pastore Bldg.
2 Exchange Terrace
Providence, RI 02903

MONDAY, JULY 30, 2001
MOTION

THE COURT: This is the matter of James Anderson and Cheryl Latos versus the United States. The matter is before the Court this morning on the Defendant's motion for judgment affirming a collection order from the IRS. I am going to ask counsel to please identify yourselves for the record and the party whom you represent.

MS. LATOS: I am Cheryl Latos. I am representing James Anderson and myself.

THE COURT: Ms. Latos, you cannot represent Mr. Anderson. You are not an attorney, are you?

MS. LATOS: No, I am not.

THE COURT: You can only represent your own interests if you wish to appear here pro se. If Mr. Anderson has interests which he wished to be protected, he must appear in his own behalf. Is he here today?

MS. LATOS: No.

THE COURT: Over here, please.

MS. EWENS: Lara E. Ewens for the United States.

THE COURT: Ms. Dinerman, are you going to just be the bag carrier today?

MONDAY, JULY 30, 2001
MOTION

MS. DINERMAN: You bet.

THE COURT: Okay.

MS. DINERMAN: Thank you, Your Honor.

THE COURT: All right. Ms. Ewens, tell me why I should dismiss this action?

MS. EWENS: Would you like me to --

THE COURT: At the podium, please.

MS. EWENS: Your Honor, I would like to first orally address the Plaintiff's brief which through no fault of the Plaintiff didn't actually get to my office until --

THE COURT: Is this the reply?

MS. EWENS: Yes. Well, actually, both her brief and her reply. We didn't submit anything in writing in reply to either one of them.

THE COURT: I don't take replies anyway, but I am concerned that you did not receive the objection in this case. Is that what you are saying?

MS. EWENS: No, I received everything from the Plaintiff. Through kind of a confusion at my office, it didn't get to my desk

until recently.

THE COURT: Okay.

MS. EWENS: It appears that the Plaintiff doesn't dispute that she had incurred liability for the tax year at issue here which is 1994. Her real dispute appears to be an underlying legal issue in which she is asking this Court today to look at the underlying laws relating to the way the Government taxes are assessed as against fishing boat owners and their employees.

THE COURT: Let me ask you this because I think it really boils down to the response to one question. As I understand it, initially, Mr. Anderson was considered self-employed?

MS. EWENS: Yes.

THE COURT: After a hearing, the Service determined that he was not self-employed, but rather an employee, and so the prior assessment of self-employment taxes was put aside and instead Mr. Anderson, now having been determined to be an employee of the vessel, was assessed FICA taxes, right, so far?

MS. EWENS: Correct.

MONDAY, JULY 30, 2001
MOTION

THE COURT: The same FICA taxes that all of us pay, okay. What is it seven and a half percent?

MS. EWENS: I believe that is correct.

THE COURT: It is a lot. In any event, he was assessed X number of dollars in FICA taxes as an employee at the hearing, right?

MS. EWENS: I think he was assessed after the hearing was over.

THE COURT: All right. But in any event, his legal standing changed from self-employed to employee?

MS. EWENS: Correct. Essentially, the IRS conceded that he was not self-employed.

THE COURT: Thereby triggering the FICA component of the tax, correct?

MS. EWENS: Yes.

THE COURT: As I understand Ms. Latos' position on that, only the employer can collect the FICA tax from Mr. Anderson?

MS. EWENS: I believe that is correct.

THE COURT: As a withholding?

MS. EWENS: Yes.

MONDAY, JULY 30, 2001
MOTION

THE COURT: And if you have got a problem with that, you don't go after Mr. Anderson, you go after his employer who didn't deduct or withhold, right?

MS. EWENS: I think that's fair to say.

THE COURT: That's her argument as I understand it. That's a legal argument.

My question to you is by what legal authority do you proceed against the taxpayer for the portion of FICA taxes that was not withheld? See as I see it, Mr. Anderson was in this sort of Catch-22. He's neither fish nor fowl. So the question I have for you, since you are the lawyer, I will get to Ms. Latos in a minute. She is not trained as a lawyer but did a pretty good job with her papers. What's the answer to that question? What's the statutory authority for you to proceed against the employee directly?

MS. EWENS: It's Treasury Regulations section 31.3102-1.

THE COURT: Say it again, 31.31 --

MS. EWENS: 02-1. There is also a bit of case law on this. I cite Roscoe v. the

Commissioner of the IRS.

THE COURT: All right. Give me a cite on that, please?

MS. EWENS: 1984 --

THE COURT: Wait a minute. Roscoe v Commissioner --

MS. EWENS: Of Internal Revenue, 1984, West Law --

THE COURT: Don't give me West Law cites. Give me real cites.

MS. EWENS: There hasn't been a lot of case law on this issue. I can give you a cite saying that the Treasury Regulation that I just stated should be subject to deference by this Court.

THE COURT: Well, that's okay, but what does the regulation say? Do you have a copy of it with you?

MS. EWENS: Yes.

THE COURT: Because I think that's really the question that's at issue here. I am going to get to you, Ms. Latos. What you are going to understand is that you can't have it both ways basically.

MS. EWENS: The particular section

MONDAY, JULY 30, 2001
MOTION

--

THE COURT: Wait a minute. Let me read it.

(PAUSE)

THE COURT: You are referring to subsection (c)?

MS. EWENS: Yes.

THE COURT: You have conveniently highlighted it, and it says, "Until collected from him, the employee also is liable for the employee tax with respect to all the wages received by him." Okay. So that's the basis for your claim that you can proceed directly against Mr. Anderson?

MS. EWENS: Yes.

THE COURT: Okay. So that's it.

MS. EWENS: That's it. I mean the review for this Court of the appeals officer's determination is written in my brief is abuse of discretion.

THE COURT: Okay. Ms. Latos, do you have a copy of that regulation?

MS. LATOS: No, not with me.

THE COURT: I tell you what I am going to share this one with you because I really

think this answers the question I had. John, would you hand that over to Ms. Latos, please.

Take your time and read through the whole thing if you want, but the part I was looking for is what Ms. Ewens has highlighted.

MS. LATOS: I am familiar with the regulations.

THE COURT: Read the highlighted part, though, that says that the employee, that is Mr. Anderson, is liable, and that's the problem I think you have with your argument because you seem to be saying that they can't proceed against you directly. You are the taxpayer, because you filed a joint return, and the problem, as I see it, is that under the regulation there is a legal basis for the IRS to proceed directly against the employee for collection of that particular tax.

MS. LATOS: As I understand it, and I have read it, and as I read through it --

THE COURT: Please go to the podium.

MS. LATOS: That the employee is liable to the employer for that tax year.

MONDAY, JULY 30, 2001
MOTION

THE COURT: Well, it doesn't say that. If you read that highlighted section, it just says he is liable. Now, that's why I say you can't have it both ways.

MS. LATOS: It does say in section (c), also, that the employer is liable for the employee tax with respect to all wages paid by each employee whether collected from the employee.

THE COURT: That's true but read down, until collected. Okay. And it hasn't been collected. You agree with that?

MS. LATOS: Yes.

THE COURT: The employee is on the hook. That's what that highlighted portion says.

MS. LATOS: Right.

THE COURT: So there is a legal basis for the assessment here and the levy so far as I can see.

MS. LATOS: My question is is he on the hook to the employer? I think it is addressing other --

THE COURT: I think not, Ma'am. Not when I read that one line. That one line answers all of the questions in this case.

MONDAY, JULY 30, 2001
MOTION

MS. LATOS: That's the regulation. Where is the law that is responsible --

THE COURT: Well, the regulations have, I mean, Ms. Ewens was correct. The Court has an obligation to give deference to those regulations and to the interpretation of those regulations by the administrative body. That's because Courts don't get involved in collecting peoples' FICA taxes. That not what we do. We serve as a review -- we are really reviewing this.

And all I am looking at is this, let's see if I got it right, when initially you and your husband went in, he was being treated as self-employed. A huge assessment, right, for not paying those self-employment taxes? I know about those too because my husband is self-employed. It is horrible. Okay. You go in, you've got this huge assessment; you have your meeting with the hearing officer, and they say, you know, you are right. He is an employee. You were happy with that because now the self-employment business is out the window. So now you get a lesser amount that they tell you is due and owing for the FICA piece, right?

MONDAY, JULY 30, 2001
MOTION

MS. LATOS: Yes.

THE COURT: I am right so far. Okay. Because you laid it out real well, as did the Government, laid it out very well, and what the Government is now saying is, the employer who at the time we thought he was self-employed, but now we've conceded, no, he is not, so the employer never collected this tax.

MS. LATOS: Right.

THE COURT: Never withheld it, but there is a provision in the regs that permit us, now, where we have now sort of legally redefined his status, legal status, there is a provision in the regulations for us to proceed directly against the employee because that tax was not collected. That's the regulation that you have in your hand. The only thing I have to decide today is whether or not that hearing officer abused his or her discretion in ordering the levy, and on the basis of the record that I have before me, I cannot say that there's an abuse of discretion.

MS. LATOS: May I just look up something?

THE COURT: Go ahead.

MONDAY, JULY 30, 2001
MOTION

(PAUSE)

MS. LATOS: The regulation 31.3102 --

THE COURT: Say that again.

MS. LATOS: 31.3102-1(c) if the employer deducts less than --

THE COURT: Wait a minute. I am sorry. You are going to have to slow down and speak up.

MS. LATOS: If the employer deducts less than the correct amount of tax or fails to deduct any amount of the tax, he is nevertheless liable for the correct amount of the tax. That gives liability to the employer.

THE COURT: I know but it doesn't mean that he's solely liable, Ma'am. You have got to read the whole thing. I know you are not trained as a lawyer, but I am telling you, you've got to read the whole thing, and there is that provision in there that says until it is collected, the employee remains liable, and that's what I started off by saying, you can't have it both ways. If you don't want to pay FICA tax, he is probable going to be determined to be self-employed in which case, then you are going

to pay those other horrible self-employment taxes. In a sense, the Service did you and your husband a favor by redefining his legal status as an employee because now he participates in Social Security, and that's what those taxes are for.

MS. LATOS: May I also read another section?

THE COURT: Excuse me?

MS. LATOS: May I also read another section?

THE COURT: Go ahead.

MS. LATOS: 31.6205-1(b)(3) --

THE COURT: Say that again?

MS. LATOS: 31.6205-1(b)(3), any undercollection in a calendar year not corrected by a deduction made pursuant to the foregoing provisions is a matter for settlement between the employee and the employer with such calendar year.

THE COURT: Again, though, that doesn't negate the other provision that we are talking about. That's another way to approach it, but it doesn't mean that that's what IRS has to do.

MS. LATOS: I didn't find any laws

that says that the IRS has the right to come to the employee.

THE COURT: You have got 3102(c) that says he is liable.

MS. LATOS: And I understand that if the employer may take that money at any time within the calendar year, and there is nothing the employee can do about it, but I don't see where this gives the IRS the right to come in and take it from the employee while doing nothing to the employer as far as the enforcement of the tax law.

THE COURT: Well, I guess that's where you and I disagree, and that's why you are here.

MS. LATOS: Yes.

THE COURT: Okay. Now, again, Mr. Anderson has signed the complaint in this case, and he has signed the opposition to the Defendant's motion for judgment affirming the determination, and so he has put before the Court himself his position. I take the argument from Ms. Latos today only pertaining to Ms. Latos. Mr. Anderson has elected not to appear himself, and so I am not taking what Ms. Latos said as in

MONDAY, JULY 30, 2001
MOTION

any way representing Mr. Anderson's interest before this Court, only what he has signed on to here. He has also, I think, signed the original complaint in this case.

And what Plaintiffs here are seeking is an injunction from proceeding with the collection action proposed by the Service and on the basis of the record before me, as I said earlier, it appears that what has occurred in this case is that the taxpayer was initially determined to be self-employed, and assessed a considerable sum of money for self-employment taxes. The taxpayer contested that determination by the IRS and at a hearing before a hearing officer, the Service conceded that Mr. Anderson was an employee as opposed to self-employed thereby removing the previously assessed liability for self-employment taxes; however because of the change in Mr. Anderson's employment designation to an employee, the FICA tax was triggered.

Now, the position of the Plaintiffs, as I understand it from their papers and the position of Ms. Latos, as I understand her argument here today, is that they do not

contest the liability for FICA, but what they contest is the Service's levy against them as opposed to levying against the employer. In her argument today and in the papers submitted to the Court, Ms. Latos has pointed the Court to several provisions of the regulations that seem to indicate that the service must proceed against the employer who is charged with the responsibility for withholding those FICA taxes; however, given the situation in this case where at the time Mr. Anderson was working on the vessel it was unclear as to precisely what his legal status and his employee status was determined to be such only after the Plaintiffs in this case objected to that designation and sought review that he was then determined to be an employee. At which point, as I say, the FICA tax was triggered.

The position of the Plaintiffs that the Service can only levy against or attempt to collect this FICA tax for the year 1994 against the employer I think is not well-founded given the regulations cited to by Ms. Ewens, that is 31.3102-1(c) which does indicate that until collected the employee

remains liable for the FICA tax, and this is so notwithstanding all of those other provisions cited to by Ms. Latos that seem to indicate that the service can proceed against an employer who has not withheld the FICA tax.

This Court's review in this case is limited to a review of whether or not the levy in this case or rather the order for levy in this case was made on an abuse of discretion. On the basis of the factual record here, that is that the Plaintiffs do not contest Mr. Anderson's status as an employee, they do not apparently contest his legal liability for FICA tax, what they do contest is the method of collection, I cannot say on the basis of that factual record or the legal or procedural record in this case that the order was made with an abuse of discretion. It seems to me that the Service did precisely what it was supposed to do, and that the Plaintiffs have been afforded all of the legal protections that the statute and regulations permit, and so I am going to grant the Defendant's motion for judgment affirming the determination of the IRS with respect to both James E. Anderson and Cheryl J. Latos.

MONDAY, JULY 30, 2001
MOTION

Ms. Ewens, you can run over with Ms. Dinerman and write up an order for my signature today.

Ms. Latos, what that means is that you lost, that you and Mr. Anderson are going to have to pay those FICA taxes for 1994. My suggestion is and I think that the Service has been willing to work with you in the past is to work out a payment schedule so that you can pay those taxes in a convenient manner for you and your husband.

I don't whether you have a right of appeal. I guess you probably do, and that's up to you and your husband as to whether you wish to take an appeal, but I commend you for the work you did. It is an interesting issue. It is a rather unique set of circumstances, although, I would surmise that they may be some other folks out there who find themselves in the same sort of gray area, but you have my decision today, and it will be up to you to decide which way you want to go from here.

Stand adjourned.

(ADJOURNED)