# EXHIBIT 2

# In the Supreme Court of the United States

No. 02-1389

UNITED STATES OF AMERICA, PETITIONER

*v.*

ABEL COSMO GALLETTI AND SARAH GALLETTI;
FRANCESCO BRIGUGLIO AND ANGELA BRIGUGLIO

*ON PETITION FOR A WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT*

## PETITION FOR A WRIT OF CERTIORARI

The Solicitor General, on behalf of the United States of America, respectfully petitions for a writ of certiorari to review the judgment of the United States Court of Appeals for the Ninth Circuit in these consolidated cases.

## OPINIONS BELOW

The opinion of the court of appeals (App., *infra*, 1a-17a), which superseded the initial opinion of the court (298 F.3d 1107), is reported at 314 F.3d 336.[1] The

[1] The opinion and judgment of the court of appeals, as well as the order denying the petition for rehearing, contain separate docket numbers for the associated bankruptcy cases of the Gallettis and the Briguglios, who are the general partners of the partnership whose tax liabilities are at issue in this case.

opinions of the district court (App., *infra*, 18a-30a, 31a-43a) are reported at 88 A.F.T.R.2d (RIA) 5580 and 87 A.F.T.R.2d (RIA) 1639. The opinions of the bankruptcy court (App., *infra*, 44a-55a, 56a-68a) are reported at 86 A.F.T.R.2d (RIA) 6433 and 86 A.F.T.R.2d (RIA) 6438.

## JURISDICTION

The judgment of the court of appeals was entered on August 8, 2002. The petition for rehearing was denied on November 20, 2002. App., *infra*, 1a-4a. On February 6, 2003, Justice O'Connor extended the time within which to file a petition for a writ of certiorari to and including March 20, 2003. The jurisdiction of this Court is invoked under 28 U.S.C. 1254(1).

## STATUTORY PROVISIONS INVOLVED

The relevant portions of 11 U.S.C. 101 and 502, 26 U.S.C. 3102, 3111, 3403, 3404, 6201, 6203, 6501 and 6502, and Cal. Corp. Code 16306 and 16307 (West 2003), are set forth in the Appendix, *infra*, 69a-73a.

## STATEMENT

1. Respondents are the general partners of a partnership named Marina Cabrillo Partners. App., *infra*, 4a. During the years relevant to this case, the partnership employed various workers and, as a consequence, accrued liability for federal employment taxes. Federal employment taxes accrue against the "employer" (*e.g.*, 26 U.S.C. 3102(b), 3111(a)) of any person who "performs or performed any service, of whatever nature, as the employee of such person." 26 U.S.C. 3401(d). Because the partnership was the "employer," the social security (FICA) taxes and Federal Unemployment Tax Act (FUTA) taxes relating to its employees were direct liabilities of the partnership. App., *infra*, 62a.

have been timely assessed, but for which separate assessments have not been made against partners individually. The decision of the court of appeals in this case could routinely bar collection of those liabilities from individual partners in cases in which the ordinary three-year period for the assessment of taxes in 26 U.S.C. 6501(a) has expired. The imperatives of efficient and effective federal tax collection and of national uniformity in the application of the Internal Revenue Code warrant review by this Court of the conflict created by the decision in this case.

1. The decision of the court of appeals is erroneously premised on the notion that federal law requires the United States to make separate assessments against each individual partner for the taxes owed by the partnership.

a. The court erred initially by misapprehending the nature of government's claim in this case. The government's claim in these proceedings is not brought under federal law. It is instead brought under the principles of state partnership law, which specify that "all *partners are liable* jointly and severally *for all obligations of the partnership*" (Cal. Corp. Code § 16306(a) (West 2003) (emphasis added)).[3] Under these state-law principles, it is well established that general partners are "personally liable for the debts and liabilities of the partnership, including its tax liability." *Young* v. *Riddell*, 283 F.2d 909, 910 (9th Cir. 1960). Accordingly, when (as in this case) a valid "obligation[ ] of the partnership" exists under federal law, that lawful debt of

---

[3] This provision is contained in Section 306(a) of the Uniform Partnership Act (1997), which has been adopted by 30 States, the District of Columbia and the Virgin Islands. 6 U.L.A. 1-2, 117 (2001).

ship and not directly against the partners. App., *infra*, 7a-8a. The court stated that, because no assessment was made against the partners "within the three- year period provided under § 6501(a), [that statute] bars [the government] from collecting the unpaid debts of the Partnership directly from [the partners]." App., *infra*, 8a.

This conclusion of the court of appeals is based on a fundamental misunderstanding of the function and nature of an assessment under the Internal Revenue Code. Section 6201(a) of the Internal Revenue Code authorizes the Secretary of the Treasury "to make * * * assessments of all taxes * * * imposed by this title." 26 U.S.C. 6201(a). The federal employment taxes at issue in this case are imposed on the "employer." 26 U.S.C. 3102(b), 3111(a), 3301(a), 3403. When the partnership paid wages to its employees, it thereby created employment tax liabilities for itself, as the "employer," under federal law. See *Otte* v. *United States*, 419 U.S. 43, 51 (1974); *In re Armadillo Corp.*, 410 F. Supp. 407, 410 (D. Colo. 1976), aff'd, 561 F.2d 1382 (10th Cir. 1977). The government thereafter made a timely "assessment" of those taxes within the three-year period allowed by Section 6501(a). App., *infra*, 5a. Under Section 6502(a), that timely assessment of the tax extended for ten years the period in which a judicial action could be commenced to collect that liability (26 U.S.C. 6502(a)):

> Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court * * * begun * * * within 10 years after the assessment of the tax.

> liness of suits against taxpayers. It is hard to escape that conclusion, for both [26 U.S.C.] § 6502 and § 6503 establish rules for suing taxpayers; they do not set up separate periods for persons secondarily liable. Their structure presumes that there is only one period per tax *debt*, no matter how many different persons may be liable on the debt.

Other circuits have agreed that actions to enforce derivative liabilities for taxes are based upon, and subject to the rules applicable to collection of, the taxes assessed against the primarily liable taxpayer. *United States* v. *Botefuhr*, 309 F.3d at 1277; *Anderson* v. *United States*, 15 F. Supp. at 225. The contrary holding in this case—that "the IRS cannot collect a partnership's tax deficiency directly from the partners without first making individualized assessments against the partners" (App., *infra*, 4a)—thus creates a conflict among the circuits on a matter of recurring importance.

2. This Court has stressed the importance of avoiding "inequalities in the administration of the revenue laws." *Commissioner* v. *Sunnen*, 333 U.S. 591, 599 (1948). The decision of the court below, however, would cause different rules to be applied in different circuits on the basic question of partnership tax liability presented in this case. The result would be a disparate treatment of similarly situated taxpayers based solely upon the happenstance of geography. Indeed, since partners may reside in different circuits, two partners of the *same* partnership may receive different treatment—one liable for partnership taxes and one not —due to the conflict among the circuits created by the decision in this case. Resolution of this conflict by this Court is warranted by the overriding importance, in a national system of taxation, of "ensur[ing] as far as

possible that similarly situated taxpayers pay the same tax." *Thor Power Tool Co.* v. *Commissioner*, 439 U.S. 522, 544 (1979).

The Internal Revenue Service has determined that there are currently outstanding partnership employment tax liabilities in excess of $10 billion that have been timely assessed but for which separate assessments have not been made against partners individually. The decision of the court below would routinely bar collection of those liabilities from individual partners in cases in which the ordinary three-year period for assessment of taxes in 26 U.S.C. 6501(a) has expired.

It is undisputed that, under applicable principles of state law, general partners are ordinarily jointly and severally liable for *all* outstanding debts of the partnership. See note 3, *supra*. Until now, the IRS has ordinarily pursued collection of partnership tax obligations from the partnerships before commencing litigation with partners to satisfy outstanding tax obligations. Under the abbreviated limitations period that would result from the decision in this case, however, the government would be forced to bring collection suits against partners within the three-year period of Section 6501(a) even though parallel efforts against the partnership may remain ongoing. Such duplicative proceedings would be burdensome for taxpayers as well as for the government, for they would subject partners to the necessity of litigation over matters that the partnership should routinely resolve. The decision of the court of appeals thus creates inefficiencies and obstacles for the routine collection of partnership tax liabilities and places in jeopardy the collection of large sums of outstanding taxes already assessed.