# EXHIBIT 3

# In the Supreme Court of the United States

No. 02-1389

UNITED STATES OF AMERICA, PETITIONER

*v.*

ABEL COSMO GALLETTI AND SARAH GALLETTI; AND FRANCESCO BRIGUGLIO AND ANGELA BRIGUGLIO

*ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT*

**BRIEF FOR THE UNITED STATES**

## OPINIONS BELOW

The opinion of the court of appeals (Pet. App. 1a-17a), which superseded the initial opinion of the court (298 F.3d 1107), is reported at 314 F.3d 336.[1] The opinions of the district court (Pet. App. 18a-30a, 31a-43a) are reported at 88 A.F.T.R.2d (RIA) 5580 and 88 A.F.T.R.2d (RIA) 1639. The opinions of the bankruptcy court (Pet. App. 44a-55a, 56a-68a) are reported at 86 A.F.T.R.2d (RIA) 6433 and 86 A.F.T.R.2d (RIA) 6438.

[1] The opinion and judgment of the court of appeals, as well as the order denying the petition for rehearing, contain separate docket numbers for the associated bankruptcy cases of the Gallettis and the Briguglios, who are the general partners of the partnership whose tax liabilities are at issue in this case.

## JURISDICTION

The judgment of the court of appeals was entered on August 8, 2002. The petition for rehearing was denied on November 20, 2002. Pet. App. 2a-3a. On February 6, 2003, Justice O'Connor extended the time within which to file a petition for a writ of certiorari to and including March 20, 2003. The petition for a writ of certiorari was filed on that date, and was granted on June 23, 2003. The jurisdiction of this Court rests upon 28 U.S.C. 1254(1).

## STATUTORY PROVISIONS INVOLVED

The relevant portions of 11 U.S.C. 101 and 502, 26 U.S.C. 3102, 3111, 3403, 3404, 6201, 6203, 6501 and 6502, and Cal. Corp. Code §§ 16306 and 16307 (West Supp. 2003) are set forth at Pet. App. 69a-73a.

## STATEMENT

1. Respondents are the general partners of a partnership named Marina Cabrillo Partners. Pet. App. 4a. During the years relevant to this case, the partnership employed various workers and, as a consequence, accrued liability for federal employment taxes.[2] Federal employment taxes accrue against the "employer" (*e.g.*, 26 U.S.C. 3102(b), 26 U.S.C. 3111(a)) of any person who "performs or performed any service, of whatever nature, as the employee of such person." 26 U.S.C. 3401(d). Because the partnership was the "employer,"

---

[2] A partnership is not a taxable entity for federal income tax purposes. 26 U.S.C. 701. The Internal Revenue Code instead imposes direct income tax liability on the partners for the income realized by the partnership. 26 U.S.C. 702. As explained in the text, however, the partnership, as the "employer," is itself directly liable for the federal employment taxes associated with its employees. See Pet. App. 62a.

the withheld income taxes, social security (FICA) taxes and Federal Unemployment Tax Act (FUTA) taxes relating to its employees were direct liabilities of the partnership. Pet. App. 62a.

On various dates between 1994 and 1996, the Internal Revenue Service made assessments of the unpaid federal employment tax liabilities of the partnership that accrued for periods from 1992 through the first quarter of 1995. Each of these assessments was made within three years after the filing of the partnership's employment tax return. Pet. App. 4a-5a, 42a. As a consequence of those timely assessments (26 U.S.C. 6501(a)), the federal limitations period for commencing a judicial action to collect the unpaid tax liabilities of the partnership was extended to ten years from the dates of assessment (26 U.S.C. 6502(a)(1)).[3]

2. After respondents encountered financial difficulties, they sought protection from their creditors under Chapter 13 of the Bankruptcy Code. The United States filed proofs of claim in their personal bankruptcy cases to recover the unpaid federal employment taxes owed by the partnership. Pet. App. 45a, 57a.

a. Respondents objected to the proofs of claim. They acknowledged that, as general partners, they were derivatively liable for all lawful debts of the partnership under state law (Cal. Corp. Code § 16306 (West Supp. 2003)). They also acknowledged that the assessments of the employment taxes against the partnership were timely and valid. They contended, however, that

---

[3] "Until 1990 the statute of limitations for the collection of tax debts was six years from assessment. That year Congress increased the period to ten years. Pub. L. 101-508, amending 26 U.S.C. § 6502(a)." *United States* v. *Wright*, 57 F.3d 561, 562 (7th Cir. 1995).

## SUMMARY OF ARGUMENT

The United States made a timely assessment of federal employment tax obligations owed by a partnership. When the partnership failed to pay, the United States sought to enforce these tax liabilities against respondents who, as general partners, were derivatively liable under state law for all valid debts of the partnership. The court of appeals erred in concluding that the United States could not enforce its derivative claim against the partners without first "assessing" the tax against each of the partners individually.

1. The taxes involved in this case accrued from the operations of a partnership. As a matter of federal law, the partnership itself was directly liable for those taxes. The derivative liability of the partners for the taxes owed by their partnership arose under state law, not under the provisions of the Internal Revenue Code. Under the applicable principles of state partnership law, it is well established that partners are derivatively liable "for the debts and liabilities of the partnership, including its tax liabilities." *Young* v. *Riddell*, 283 F.2d 909, 910 (9th Cir. 1960).

The taxes owed by the partnership were validly assessed under the applicable provisions of federal law, and the existence of a valid partnership debt is therefore not disputed in this case. It is also undisputed that, under state law, the partners are derivatively liable for the valid debts of the partnership. The courts below therefore erred in refusing to enforce the government's claim in this case.

2. The Internal Revenue Code does not require that separate assessments be made for each partner in order to enforce their derivative liability for partnership

taxes under state law. Section 6201(a) of the Code authorizes assessment of "all taxes * * * imposed by this title." 26 U.S.C. 6201(a). The assessment of a tax is a formal bookkeeping notation by which the amount of a tax liability is officially recorded. As the predecessor of the Federal Circuit explained in *Anderson* v. *United States*, 15 F. Supp. 216, 225 (Ct. Cl. 1936), cert. denied, 300 U.S. 675 (1937), it is the "tax" and not the "taxpayer" that is assessed. Once the amount of the "tax" is assessed, no additional or separate "assessment" is required to collect the tax, either from the party who is directly liable for the tax or from other parties who are derivatively liable for it. *Ibid.*

When the amount of the tax is determined and assessed, the time in which a "proceeding in court" may be commenced to collect that tax is extended to "10 years after the assessment of the tax." 26 U.S.C. 6502(a). This statute of limitations applies equally to proceedings against the taxpayers who are directly liable for a tax and to proceedings against persons, such as respondents, whose liability is only derivative. Because the current "proceeding in court" to collect the assessed taxes was "begun * * * within 10 years after the assessment of the tax" (*ibid.*), it is therefore timely as a matter of federal law.

As numerous decisions of this Court and of the other courts of appeals have concluded in a variety of settings, once the tax owed by the directly liable taxpayer has been assessed, no additional or further assessment need be directed to a party whose liability for a tax is only derivative. The court below erred in failing to respect and follow that precedent in this case.

3. The court of appeals also erred in suggesting that California partnership law precludes collection of the tax debts involved in this case. Section 16307(c) of the

assessment is made, the time within which the IRS may collect the tax either administratively *or* by a "proceeding in court" is extended to 10 years after the date of assessment. 26 U.S.C. 6502(a).

In the present case, the IRS properly made a timely assessment of the taxes owed by the partnership. The federal taxes at issue in this case are imposed directly on the "employer." 26 U.S.C. 3102(b) ("[e]very employer" required by 26 U.S.C. 3102(a) to deduct the employees' share of FICA taxes imposed by 26 U.S.C. 3101 "shall be liable for the payment of such tax"); 26 U.S.C. 3111(a) (the employer's share of FICA taxes is imposed on "every employer * * * with respect to having individuals in his employ"); 26 U.S.C. 3301 (same re FUTA taxes); 26 U.S.C. 3403 ("the employer" is liable for the income taxes withheld from employees' wages). When the partnership paid wages to its employees, it thereby created employment tax liabilities for itself, as the "employer," under federal law. See *Otte* v. *United States*, 419 U.S. 43, 51 (1974); *In re Armadillo Corp.*, 410 F. Supp. 407, 410 (D. Colo. 1976), aff'd, 561 F.2d 1382 (10th Cir. 1977).[9]

---

making the assessment. 26 U.S.C. 6303(a), 6321, 6331(a). Notice and demand for payment are not, however, preconditions to the filing of a judicial collection suit. *United States* v. *Chila*, 871 F.2d 1015, 1018-1019 (11th Cir. 1989); *United States* v. *Berman*, 825 F.2d 1053, 1060 (6th Cir. 1987); *United States* v. *Hunter Eng'rs & Constructors, Inc.*, 789 F.2d 1436, 1441 (9th Cir. 1986), cert. denied, 479 U.S. 1063 (1987). Nor, as the plain text of the statute makes clear, is such notice and demand a condition for the extension of the period of limitations for such a suit under Section 6502(a), 26 U.S.C. 6502(a). See *Blackston* v. *United States*, 778 F. Supp. 244, 248 (D. Md. 1991).

[9] For purposes of income tax withholding, the term "employer" is generally defined as "the person for whom an individual performs or performed any service, of whatever nature, as the em-

ruptcy case results in a judgment that has res judicata effect. *Katchen* v. *Landy*, 382 U.S. 323, 334 (1966) (citing cases).

Such bankruptcy court proceedings on a disputed claim obviously comport with any requirement that there be a "judgment against a partner" before the liability of a partnership may be collected "from a partner's assets" (Cal. Corp. Code § 16307(c)). The order allowing a disputed claim in bankruptcy court is a judgment with res judicata effect that is enforceable against the debtors and their property. Since, on the merits, the amount and validity of the tax debt are not disputed in this case, any requirement that a judgment be obtained prior to collection of the partnership debt from the partners would thus be satisfied on remand upon the allowance of the government's meritorious claim. In any event, such a claim is allowable in bankruptcy court as a matter of federal law "whether or not" a preexisting judgment had been obtained. 11 U.S.C. 101(5)(A). See note 16, *supra*.

### C. The Decision Of The Court Of Appeals Would Impede And Burden Routine Enforcement Of The Tax Laws

The decision of the court of appeals would create severe and impracticable burdens for routine enforcement of the tax laws. We are advised by the Internal Revenue Service that there are currently outstanding partnership employment tax liabilities in excess of $10 billion that have been timely assessed but for which separate assessments have not been made against partners individually. The decision of the court of appeals would routinely bar collection of those liabilities from individual partners in cases in which the ordinary three-year period for assessment of taxes in 26 U.S.C. 6501(a) has expired.

It is undisputed that general partners are jointly and severally liable for all outstanding debts of the partnership under applicable principles of state law. See note 4, *supra*. Until now the IRS has typically pursued collection of partnership tax obligations from the partnerships before commencing litigation with partners to satisfy outstanding tax obligations. Under the abbreviated limitations period that would result from the decision in this case, however, the government would be forced to bring collection suits against partners within the three-year period prescribed in Section 6501(a), even though parallel efforts against the partnership may remain ongoing. A requirement that such duplicative proceedings be pursued would be burdensome for partners as well as for the government, because it would subject partners to the necessity of litigation over matters that the partnership itself should routinely resolve. As the Ninth Circuit pointed out in a related context in *United States* v. *Hunter Engineers & Constructors, Inc.*, 789 F.2d at 1441, persons whose liability for taxes is only derivative "would suffer" severely if the government were forced to pursue such premature and duplicative collection actions. In short, the "doctrine [for which respondents contend] would be attended in practice with great inconvenience, and would seldom lead to any good. Fortunately, the law is not so unreasonable." *The Nitro-glycerine Case*, 82 U.S. (15 Wall.) 524, 535 (1872).

## CONCLUSION

The judgment of the court of appeals should be reversed.

Respectfully submitted.

THEODORE B. OLSON
*Solicitor General*
EILEEN J. O'CONNOR
*Assistant Attorney General*
THOMAS G. HUNGAR
*Deputy Solicitor General*
KENT L. JONES
*Assistant to the Solicitor General*
THOMAS J. CLARK
ANDREA R. TEBBETS
*Attorneys*

SEPTEMBER 2003