UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHERYL J. LATOS, Plaintiff | ) | |
| v. | ) | Civil No. 1:06-514-T-DLM |
| UNITED STATES OF AMERICA, Defendant | ) | |

**UNITED STATES' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

The United States, through undersigned counsel, hereby submits this memorandum in opposition to Plaintiff Cheryl Latos' ("Latos") Motion for Summary Judgment.

**United States' Counterstatement of Undisputed Material Facts**

The United States does not contest either of the two factual statements listed in Latos' Statement of Undisputed Material Facts. The United States further incorporates as a counterstatement of undisputed facts the Statement of Facts in the United States' Motion for Judgment Affirming the Determination of the Internal Revenue Service ("Motion for Judgment"). [Dkt. #6] Latos nowhere disputes those facts.

**Argument**

Latos' Motion for Summary Judgment contains only one substantive argument, that the IRS must collect unpaid FICA tax liabilities from the employer, not the employee. Latos made the very same argument in prior litigation regarding an earlier collection effort for the same tax liability. *Anderson v. United States*, Case No. 1:00-cv-548-ML (D.R.I., filed Oct. 31, 2000).

Both this Court and the First Circuit explicitly rejected that argument, holding that the IRS is specifically authorized by regulation (specifically, 26 C.F.R. §31.3102-1(c)) to collect FICA taxes against a taxpayer/employee directly and is not limited to collection against the taxpayer's employer. *Anderson v. United States*, 29 Fed. Appx. 619, 2002 WL 431889 (1st Cir.), *cert. den.* 537 U.S. 1020 (2002).[1] As discussed in the United States' Motion for Judgment (incorporated by this reference), Latos is precluded from repeating that argument by 26 U.S.C. §6330(d)(4) and by the doctrine of collateral estoppel.

Latos apparently contends that these prior decisions have been superseded by a recent Supreme Court decision, *United States v. Galletti*, 541 U.S. 114 (2004).[2] It is true that the preclusive effects of collateral estoppel may be avoided in the rare case when there has been a "change in controlling legal principles" constituting a "major doctrinal shift[]." *Montana v. United States*, 440 U.S. 147, 161-62 (1979). Far from stating a major change in the law regarding this issue, however, *Galletti* does not address the issue of collecting unpaid FICA taxes from employees at all.

At issue in *Galletti* was whether the IRS could collect unpaid FICA taxes, assessed against a partnership, from the constituent partners directly without making a separate assessment against the partners themselves for those liabilities. *Galletti*, 541 U.S. at 121-22. The Supreme Court held that it could. *Id.* at 124-25. Nowhere in that decision did the Supreme

[1] In relevant part, 26 C.F.R. §31.3102-1(c) states: "Until collected from [the employer] the employee also is liable for the employee tax with respect to all the wages received by him."

[2] Latos does not raise this argument in her Motion for Summary Judgment, but rather in her "Objection" to the United States' Motion for Judgment. The United States nonetheless addresses that argument here for the Court's convenience.

Court suggest, even in dicta, that the IRS could not have collected the unpaid FICA taxes from the partnership's *employees*. The collection of FICA liabilities from employees was simply not at issue in that case. Latos thus cannot rely on *Galletti* as a "change in controlling legal principles" regarding this Court's prior decision, so she is bound by collateral estoppel and may not relitigate this issue now.

Latos otherwise contends that the Notice of Determination was "arbitrary, capricious, and contrary to law." This bare allegation, unsupported by facts or legal authority, utterly fails to satisfy Latos' burden of demonstrating that she is entitled to summary judgment. As demonstrated in the United States' Motion for Judgment, the IRS's determination satisfied the requirements of the Collection Due Process statute and was not an abuse of discretion.

## Conclusion

Based on the foregoing, the United States requests that this Court deny Latos' motion for summary judgment and enter judgment in the United States' favor in this action affirming the determination of the IRS and dismissing Latos' Complaint with prejudice.

Respectfully submitted,

ROBERT M. CORRENTE
United States Attorney

/s/ Robert J. Kovacev
ROBERT J. KOVACEV
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Benjamin Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6541
Robert.J.Kovacev@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2007, a copy of the foregoing United States' Opposition to Plaintiff's Motion for Summary Judgment was filed electronically and served by mail on the following:

Cheryl J. Latos
215 Pine Hill Road
Wood River, RI 02894

/s/ Robert J. Kovacev
ROBERT J. KOVACEV
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6541
Robert.J.Kovacev@usdoj.gov